E-FILED
Wednesday, 29 July, 2015  03:54:46 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLNOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| KACI ZIMMERMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: 2015 CV 1027 |
| | ) | |
| ROGER LYNN DAMERON, MICHAEL | ) | |
| FRICKEY, LEROY MCPHERSON, NANCY | ) | |
| WIDLACKI, RANDALL VEDDER, | ) | |
| CHARLES HOSELTON, and THE CITY OF | ) | |
| FAIRBURY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is now before the Court on Defendants', Roger Lynn Dameron ("Mayor Dameron"), Michael Frickey ("Chief Frickey"), Leroy McPherson ("Superintendent McPherson"), Deputy City Clerk Nancy Widlacki ("Widlacki"), Randall Vedder ("Officer Vedder"), City Councilman Charles Hoselton ("Councilman Hoselton"), and the City of Fairbury ("City"), Motion to Dismiss. This matter is fully briefed and for the reasons set forth below, the Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART with leave for the Plaintiff to AMEND.

## BACKGROUND

This 42 U.S.C. § 1983 action arises from a series of incidents that took place in Fairbury, Illinois between July 2013 and April 2014. Kaci Zimmerman ("Ms. Zimmerman") was hired by the City as a Police Department records clerk in February, 2012. Between February 2012 and May 2013, Ms. Zimmerman never received discipline of any kind in her job and performed her

job in a satisfactory manner. On May 1, 2013, Dameron became the Mayor of Fairbury. Additionally, on May 15, 2013, the City Council approved the appointment of Frickey as Chief of Police.

During September and November of 2013, Ms. Zimmerman alleges to have witnessed multiple petty crimes by Chief Frickey, including taking evidence from a criminal investigation for personal use and theft of an ordinance violation payment. Plaintiff also alleges Chief Frickey, Widlacki, Officer Vedder, Mayor Dameron, and Councilman Hoselton were aware of Chief Frickey's misconduct and took steps to cover it up. As a part of this cover up, her complaints, made to multiple City officials as a concerned citizen, were not followed up on, she was terminated, and she was not allowed to speak at a City Council meeting following her termination.

On February 7, 2014, Mayor Dameron, Superintendent McPherson and Deputy City Clerk Widlacki came into the Police Department. Mayor Dameron gave Zimmerman three sheets of paper: a personal memo which she had used Police Department computers and printers to create, a reprimand from January 10, 2014, and a typed list of purported reasons justifying her termination. She was then told to write a voluntary letter of resignation, which she did, as Mayor Dameron and Widlacki watched.

On January 20, 2015, Ms. Zimmerman filed a Complaint pursuant to 42 U.S.C. § 1983 to redress violations of her constitutional rights by the Defendants. Ms. Zimmerman alleges: Count I – First Amendment Retaliation – Freedom of Speech Against Mayor Dameron, Chief Frickey, Nancy Widlacki, and Councilman Hoselton; Count II – Fourteenth Amendment – Denial of Equal Protection – Forced Resignation Against Mayor Dameron, Chief Frickey, Councilman Hoselton, Widlacki and Superintendent McPherson; Count III – Title Seven – Sex

Discrimination Against the City of Fairbury; Count IV – Violation of the Illinois Whistleblower Act, 740 ILCS 174/20.1, Against the City of Fairbury, Mayor Dameron, Chief Frickey, Widlacki, Councilman Hoselton and Superintendent McPherson; Count V – Section 1983 Conspiracy Against Mayor Dameron, Chief Frickey, Widlacki, Randall Vedder, Leroy McPherson and Councilman Hoselton; Count VI – Section 1983 – First Amendment Retaliation Against City of Fairbury; Count VII – Common Law Retaliation Against the City of Fairbury; and Count VIII – First Amendment Claim – Political Retaliation Against Mayor Dameron and Chief Frickey. Defendants filed the Motion to Dismiss that is currently pending before this court.

## DISCUSSION

## I.      Legal Standard

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that plaintiffs could prove no set of facts in support of their claim which would entitle them to relief. See Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing of sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiffs; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiffs. See Albright v. Oliver, 510 U.S. 266, 268 (1993); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East

<u>Hazel Crest</u>, 110 F.3d 467 (7th Cir. 1997); <u>M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.</u>, 62 F.3d 967, 969 (7th Cir. 1995); <u>Early v. Bankers Life & Cas. Co.</u>, 959 F.2d 75 (7th Cir. 1992).

## II.  Analysis

Defendants first move to dismiss the entire complaint for failure to state a claim, alleging that the incorporation of all 100 paragraphs of factual allegations into each count of the Complaint make the Defendants unable to decipher which alleged wrongful acts are intended to be covered by which count.

The entire Complaint will not be stricken as the Court will accept well pleaded allegations as true and view those allegations in the light most favorable to the Plaintiff for purposes of a 12 (b)(6) Motion.  Instead the Court will address them count by count as set out in the Motion to Dismiss.

### 1.  Count I - First Amendment Retaliation – Freedom of Speech - Against Rodger Lynn Dameron, Michael Frickey, Nancy Widlacki and Charles Hoselton

Defendants argue that although Plaintiff alleges she was speaking as a private citizen repeatedly through the Complaint, an analysis of the speech alleged shows that she was performing her professional duties at the time of said speech, and her speech was related to the performance of those duties.  Examples given include reporting of the improper handling and theft of evidence to the Mayor, reporting of the Chief's failure to properly document an ordinance payment, contacting the City Council members regarding whether Curtis Marshall was a proper employee to have access to the police computer system, and speaking to another City Council member regarding proper documentation and handling of certain evidence, i.e. "car

wash tokens".  Defendants argue that all of these communications were related to her job duties and cannot be made as a concerned citizen.

In order for a First Amendment Retaliation claim to survive a 12(b)(6) dismissal, the Plaintiff must establish that "(1) she engaged in activities protected by the First Amendment, (2) she suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008).  In addition, the Supreme Court has held that public employees do not surrender all their First Amendment rights by reason of their employment. See Garcetti v. Ceballos 547 U.S. 410, 417 (2006). Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern. Id.

After reviewing the Complaint, the Court finds that Ms. Zimmerman alleges sufficient facts to support a First Amendment Retaliation claim.  She alleges she was speaking as a private citizen and as result of her speech was terminated from her employment. See Complaint, Doc. 1 ¶¶ 39,67,74,81. Taking the Plaintiff's allegations as true, this Court finds that Count I is sufficient to survive dismissal. Accordingly, Defendant's Motion to Dismiss as to Defendants Dameron, Frickey, and Widlacki in Count I is denied.

Councilman Hoselton argues that the Complaint fails to allege that he had any involvement in the adverse employment action, or made any decisions with regard to Plaintiff's employment, her alleged "forced resignation," or any other retaliation, and as such, argues that Plaintiff has not adequately alleged facts to support prong two of the First Amendment Retaliation analysis. A review of the Complaint supports this position.  Nowhere in the Complaint does it allege that Councilman Hoselton had any knowledge of or participated in the

termination of Ms. Zimmerman, but rather only that Hoselton prevented the Plaintiff from speaking at a City Council meeting where she intended to "blow the whistle" on Chief Frickey's illegal activities. Therefore, the second prong of the First Amendment retaliation claim is not supported by any factual allegations, and the Plaintiff has failed to state a claim.  Accordingly, Defendant's Motion to Dismiss Hoselton from Count I is granted.  However, the Court will give Plaintiff an opportunity to amend her complaint to cure the aforementioned deficiencies with respect to Defendant Hoselton.

> **2. Count II – Fourteenth Amendment – Denial of Equal Protection – Forced Resignation Against Roger Lynn Dameron, Michael Frickey, Charles Hoselton, Widlacki and Leroy McPherson**

Defendants argue Count II should be dismissed because Ms. Zimmerman failed to allege sufficient facts to state a claim, as she does not allege the identities of any male police department employees who were similarly situated or who had committed similar or worse infractions but were treated differently. Plaintiff argues she was reprimanded, accused of violating rules and procedures, and forced to resign, but male Police Department employees who engaged in similar acts were not even reprimanded, let alone fired. Complaint Doc. 1, ¶ 108.

To state a claim for denial of equal protection, Ms. Zimmerman must allege Defendant's "acted with a nefarious discriminatory purpose . . . and discriminated against her based on her membership in a definable class. See Doe v. Galster, 768 F.3d 611, 622 (7th Cir. 2014).   In her Complaint, Ms. Zimmerman alleges Chief Frickey and Officer Vedder engaged in theft and other illegal conduct but were never investigated or fired. Complaint Doc. 1, ¶¶ 36-48.  Taking Plaintiff's allegations as true, this is sufficient to survive dismissal.  Whether Chief Frickey, Officer Vedder, or other male employees are actually similarly situated to her is a factual dispute

not properly resolved at this stage of the litigation. See Mitchell v. Archibald & Kendall, Inc., 573 F.2d 429 432; Cushing v. City of Chicago, 3 F.3d 1156, 1163 (holding that resolving issues of fact are "inappropriate for resolution in a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  Accordingly, Defendants' Motion to Dismiss Count II as to Mayor Dameron, Chief Frickey, and Widlacki is denied.

Councilman Hoselton again challenges the sufficiency of Plaintiff's allegations to establish his personal involvement in this claim, as she does not allege that he had any part in the decision or act of firing Ms. Zimmerman and therefore did not subject her to differential treatment. A review of the Complaint supports this position. The complaint merely alleges that Hoselton prevented the Plaintiff from speaking at a City Council meeting where she intended to "blow the whistle" on Chief Frickey's illegal activities; nowhere does it allege that Councilman Hoselton had any knowledge of or participated in the termination of Ms. Zimmerman.

Similarly, Superintendent McPherson argues that there is no allegation that he was present for or had any involvement in the discussions regarding Plaintiff's resignation or that he took any other actions towards her. A review of the Complaint confirms this position. The Complaint only alleges that Superintendent McPherson was at the Police Station at the time Plaintiff was fired, but makes no allegations that Superintendent McPherson was aware of any of the thefts committed by Chief Frickey, Officer Vedder, or Ms. Zimmerman, was a part of the differential treatment directed at Ms. Zimmerman, or played a role in her termination. Complaint Doc. 1, ¶99.

Therefore, with respect to Count II against Councilman Hoselton and Superintendent McPherson, Plaintiff has failed to sufficiently state a claim upon which relief may be granted. Accordingly, Defendant's Motion to Dismiss Defendants Hoselton and McPherson from Count

II is granted.  However, the Court grants Plaintiff an opportunity to amend her complaint to cure the aforementioned deficiencies with respect to these Defendants if she has a good faith basis for doing so.

### 3.  Count III: Title Seven – Sex Discrimination Against the City of Fairbury

Defendant argues that Count III should be dismissed because Ms. Zimmerman fails to state a claim, because she does not allege the identities of any male police department employees who were similarly situated or who had committed same or worse infractions and were treated differently than her.

To state a prima facie case for Title VII discrimination, Plaintiff must plead that she is a member of a protected class; she met her employer's reasonable expectations; she suffered an adverse job action; and similarly situated male employees were treated more favorably. See McDonnell Duglass Corp. v. Green, 411 U.S. 792 (1973).   The City argues that Plaintiff has failed to satisfy the fourth prong of the analysis because her Complaint only alleges Chief Frickey and Officer Vedder as similarly situated male employees who were treated more favorably. Complaint Doc. 1, ¶¶ 36-48.  Again, it is not necessary that Ms. Zimmerman prove that the Chief Frickey or Officer Vedder were similarly situated or that they had committed same or worse infractions at this stage of the litigation. See Mitchel, 573 F.2d at 432; Cushing, 3 F.3d at 1163 (holding that resolving issues of fact are "inappropriate for resolution in a motion to dismiss the complaint under Fed.R.Civ.P. 12(b)(6).

Taking the Plaintiff's allegations as true, this Court finds that Plaintiff's statements are more than adequate to meet the pleading requirements. Accordingly, Defendants' Motion to Dismiss Count III is denied.

**4.  Count IV – Violation Of the Illinois Whistleblower Act, 740 ILCS 174/20.1 Against the City of Fairbury, Rodger Lynn Dameron, Michael Frickey, Widlacki, Councilman Hoselton, and Leroy McPherson**

Defendants City of Fairbury, Mayor Dameron, Chief Frickey, and Widlacki failed to make any arguments that Count IV should be dismissed.  Accordingly, Plaintiff may proceed against these Defendants.  Superintendent McPherson and Councilman Hoselton argue that Count IV claims should be dismissed for failure to state a claim, because Plaintiff does not allege they had any involvement in her termination.

In order to successfully plead a whistleblower claim pursuant to the Illinois Whistleblower Act, Plaintiff must alleged that she disclosed or attempted to disclose government corruption or wrongdoing and ,as a result, Defendants committed an act that was materially adverse to a reasonable employee.  See 740 ULCS 174/20.1.  As set forth above, Plaintiff does not allege Superintendent McPherson or Councilman Hoselton had any knowledge of, or participated in her termination.  Accordingly, Defendants' Motion to Dismiss Count IV as to Defendants McPherson and Hoselton is granted.  However, the Court will give Plaintiff an opportunity to amend her Complaint to cure the aforementioned deficiencies with respect to Defendants McPherson and Hoselton if she is able to do so in good faith.

**5.  Count V – Section 1983 – Conspiracy Against Rodger Lynn Dameron, Michael Frickey, Widlacki, Randall Vedder, Leroy McPherson and Councilman Hoselton**

Defendants Mayor Dameron, Chief Frickey, and Widlacki failed to make any arguments that Count V should be dismissed against them; accordingly, Plaintiff may proceed against these Defendants.  Officer Vedder, Superintendent McPherson, and Councilman Hoselton argue that

they did not have any personal involvement in the alleged constitutional violations, and therefore, they should be dismissed from Count V.

To establish §1983 claim against an individual, "Plaintiff must plead a defendant's personal involvement in the constitutional violation." Drager v. Village of Bellwood, 969 F. Supp. 2d 971, 980 (N.D. Ill. 2013).  Plaintiff alleges Officer Vedder accepted tokens from Chief Frickey, knew or should have known that those tokens were part of a pending police investigation, yet Mayor Dameron never reprimanded Officer Vedder or terminated his employment for accepting the tokens. Complaint Doc. 1, ¶¶36-37, 46, 48. However, none of those allegations indicate that Officer Vedder had any knowledge or personal involvement in suppressing Ms. Zimmerman's constitutional rights protected under § 1983.

Additionally, Plaintiff alleges that Superintendent McPherson was present in the Police Department at the time of Ms. Zimmerman's termination. The Court finds that this allegation insufficient to demonstrate individual involvement in a constitutional violation by Superintendent McPherson, as alleging presence in the building at the time of termination is not the same as alleging active participation in that termination.

Plaintiff also fails to plead facts that support § 1983 Conspiracy claim against Councilman Hoselton.  Although it is alleged he did not let her speak at a City Council meeting that was unrelated to her termination, which occurred several months prior to the meeting, there are no allegations indicating that Councilman Hoselton had knowledge of Ms. Zimmerman's termination.

Therefore, even when accepting Plaintiff's allegations as true, the Court finds that the allegations are not adequate to meet the pleading standards with respect to Officer Vedder, Superintendent McPherson, or Councilman Hoselton. Therefore, with respect to Count V,

Plaintiff has not adequately pled the necessary elements to establish a prima facie case for Section 1983 – Conspiracy against Defendants Vedder, McPherson, or Hoselton, and Defendants' Motion to Dismiss Count V against them is granted with leave to file an amended complaint if there is a good faith basis for doing so.

6.   **Count VI – Section 1983 – First Amendment Retaliation Against City of Fairbury - Monell Claim**

Defendants argue that Plaintiff fails to state a claim because she does not allege the existence of any widespread policy of the City, and Plaintiff does not adequately plead a constitutional violation because her speech is not protected.

The Supreme Court has held that § 1983 imposes liability on a government that, under color of some official policy, "causes" an employee to violate another's constitutional rights. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 692 (1978). In order to establish liability in a Monell claim, Plaintiff must "produce evidence of (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. See Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir. 2007).

First, Plaintiff alleges that there is a widespread policy, custom or pattern of official conduct of punishment or retaliation against those who report suspicions of wrongdoing to City officials. Complaint Doc. 1, ¶¶ 126-127. She further alleges that a constitutional injury was caused by a person with policy making power. See Complaint Doc. 1, ¶¶20,111,124. Finally, Plaintiff asserts that Defendants violated her constitutional rights by suppressing her speech.

Taking the Plaintiff's allegations as true, this Court finds that Plaintiff's statements are more than adequate to meet the pleading requirements. Accordingly, Defendant's Motion to Dismiss Count VI is denied.

**7.  Count VII – Common Law Retaliation Against the City of Fairbury**

The City has not challenged the sufficiency of Plaintiff's claim as to Count VII. Therefore, Plaintiff may proceed on this claim.

**8.  Count VIII – First Amendment Claim – Political Retaliation Against Rodger Lynn Dameron and Michael Frickey**

Defendants have not challenged the sufficiency of Plaintiff's claim as to Count VIII. Therefore, Plaintiff may proceed on this claim.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant's Motion to Dismiss for Failure to State Claim is GRANTED IN PART and DENIED IN PART with leave to file an Amended Complaint within 14 days curing the identified deficiencies.  Defendants shall respond within 14 days after the filing of the Amended Complaint.  If no amendment is filed, remaining Defendants shall answer the complaint within 14 days from the expiration of that deadline.

Entered this 29th day of July, 2015.


<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge